Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7910 | **DATE** | 12/20/10 |
| **CASE TITLE** | Leon Snipes (#B-12804) vs. Kankakee County, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted fourteen days from the date of this order to pay the statutory filing fee. Failure to remit the full statutory filing fee of $350.00 within fourteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues private citizens, police, prosecutors, defense attorneys, judges, lab technicians, and others, all in connection with his 1995 arrest and ensuing prosecution for criminal sexual assault.

The plaintiff has neither paid the statutory filing fee nor filed a motion for leave to proceed *in forma pauperis*. As the plaintiff implicitly acknowledges, he is not eligible for *in forma pauperis* status because he has accumulated at least three "strikes."

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of the plaintiff's previous actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Snipes v. Palmer*, Case No. 05 C 5871 (N.D. Ill.), dismissed on preliminary review for failure to state a claim, *see* Minute Order of October 25, 2005 (Coar, J.); *Snipes v. Detella*, No. 92-2349 (C.D. Ill.), dismissed for failure to state a claim by **(CONTINUED)**

mjm

**STATEMENT (continued)**

Order of September 14, 1993 (Baker, J.); and *Snipes v. Burns*, Case No. 05 C 5872 (N.D. Ill.), dismissed by Minute Order of October 26, 2005 (Zagel, J.). The plaintiff was also assessed a strike by the U.S. Court of Appeals for the Seventh Circuit for pursuing a frivolous appeal in connection with Case No. 05 C 5871. *See* Unpublished Opinion, No. 05-4285 (7th Cir. Jun. 21, 2006).

In fact, the plaintiff has been repeatedly advised that he has "struck out." *See, e.g., Snipes v. Cleggett*, Case No. 07 C 5332 (N.D. Ill.), Minute Order of October 11, 2007 (Bucklo, J.); *Snipes v. Montgomery*, Case No. 07-1067 (C.D. Ill.), Order dated March 28, 2007 (Baker, J.); and Unpublished Opinion No. 05-4285 (7th Cir. Jun. 21, 2006). The court need not give a plaintiff the opportunity to pay where, as here, he failed to meet the "precondition" of payment after having been alerted to his 1915(g) status. *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Nevertheless, because the plaintiff has submitted a letter indicating the filing fee "will be paid as soon as I can arrange such in the near future," he will be granted fourteen days to make payment. Failure to remit the $350.00 filing fee within fourteen days of the date of this order will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).